Gaston, J.
 

 It is very probable from the evidence disclosed in this case, that the appellant has been guilty of an offence, for which he is liable to punishment; but the indictment does not, in our opinion, set forth any offence with such explicitness as to warrant the rendering- of a judgment thereon. It-purports to charge the defendant with neglect of duty in permitting a public bridge to become ruinous, which he was bound to repair. As he was not chargeable with the duty of repairing such bridge of common right, it was essential that the indictment should set forth
 
 how
 
 that duty was imposed upon him. It accordingly alleges, that he has a toll gate on a public road adjoining the said bridge and receives tolls from passengers crossing the said bridge, and it thence infers as a legal consequence, “ that he is bound and of right ought to keep said bridge in good repair.” Now the statutory regulations, which we have on this subject, are those set forth in the 104th chapter and 26th section of the Revised Statutes, by which the County Courts are authorized to contract with builders to build bridges over large water courses and creeks, and to grant to them for a prescribed number of years the right to take certain tolls on persons, horses, carriages and cattle passing over the same, and by which it is made the duty of the builder or builders, his or their heirs or successors, “ to keep the same in constant repair at his or their sole expense.” Under the provisions, the builder and an assignee of the builder, whether
 
 *414
 
 an assignee in law or in fact, may be regarded as the temporary owner of a bridge of this description, and
 
 in that capa,' city
 
 is bound to keep such bridge in repair. Now the fact, that the appellant was in the habit of demanding and receiving tolls from passengers crossing the bridge, was
 
 evidence
 
 against him to shew that he was the owner of “a public toll bridge,” because he assumed to act in that character.
 
 State
 
 v
 
 Wynne,
 
 1 Hawks, 451. But the indictment should have charged the fact of ownership, to which is attached the duty of making repairs, and not have set forth the evidence of that fact.
 

 It must be certified to the Superior Court of Henderson, .that the indictment in this case is defective, and that judgment should be arrested.
 

 Per Curiam. Ordered accordingly.